Your Honor, this is the first case of the morning called 10-13-05-07. People of the State of Illinois, Mr. James Daniels. On behalf of Mr. Daniels, Richard Harris. On behalf of the people, Mr. Barry W. Chambers. Mr. Harris? Good morning, Your Honor. You're going to speak from there? If that's okay, Your Honor. I'd like to first thank the court for the accommodations this morning, covering from ankle surgery. May it please the court. Good morning, Your Honors. Good morning, Counsel. My name is Richard Harris. I'm here with the Office of the State Appellate Defender on behalf of the defendant, Apollon, Mr. James Daniels. Now, Mr. Daniels requests that this court vacate his conviction or, in the alternative, vacate his $750 public defender fee. Now, there are two issues before the court today. One is whether the prosecution violated Mr. Daniels' due process rights by delaying the indictment in this case. Counsel, did the defendant ever file a speedy trial demand in this particular case? There's a discussion on one of the first dates in the record as to whether the demand was ever filed. He had a bit of a revolving door of attorneys on this charge. His attorney who had been represented on the first charge indicated she thought that there had been a speedy trial demand. But the record does not document that, does it? The record does not document that. He was in custody at the time. As the court indicated, the judge looked for the speedy trial demand and said, well, he's not in custody, so no, we don't have it. He's in custody, so we don't have a speedy trial demand. He didn't need to file a speedy trial demand, being that he was already in custody. It's assumed that the clock starts running on that. Well, that becomes one of the central themes. When does the clock start running? Was he in custody on another case? Yes. He was in custody on the 22798 case. Doesn't it have a substantial bearing on this issue? Yes, it does. Okay. And in that case, he filed his speedy trial demand the day after he was taken into custody. And so that's what initially raises an eyebrow. When you start reading the record in this case, in the very first court date, the defendant says it's an arraignment. And the judge asks the defendant if he understands the charges. And Mr. Williams says, I understand I've been in custody for six months. I understand that I have a right to a speedy trial and that my due process rights are being violated. And so that's what leads us to all of a sudden look back and say, okay, what's going on here? Why has he been in custody for so long? Setting aside the issue, the muddled issue of whether or not and when a speedy trial demand was actually made, if somebody is in custody on another case and charges are filed later, the indictment is filed later, when does the speedy trial term, in your opinion, begin to run? Well, the state's position was due to the Cheney and Martinez holdings was that the speedy trial in the second case did not begin to run until the indictment was filed. Are you disputing that now? We're not taking issue with Cheney and Martinez today. Although I do think the Cheney, that rule is outdated. If you look back at the origins of that rule, it has to do with defendants that have already been incarcerated. They've already been convicted. And while they're incarcerated, they face a number of charges. And the rule says, okay, the clock doesn't start running until the state actually brings an indictment. Why are you saying they're outdated? Is there a line of cases that we can ignore when somebody believes to be outdated authority? Has it been overruled by the Supreme Court? It hasn't been overruled. The latter of Cheney and Martinez, the case was in 1994. If you look back at those cases, I'm saying the origin of those cases, there is a theme there where you have a defendant that's already in custody. He's already been incarcerated. And the court says, you don't necessarily have the same due process rights because you've already been incarcerated, and we're going to look to the date of indictment. And that rule, it's not applicable here. I don't know if we have a rule that can be applied to this very unique fact pattern. And where the state now crosses one of the cases, I mean, arguably, there's a scenario you could envision where the state could continually now cross a case and then start the speedy trial clock over again. All right. So basically you're saying, notwithstanding the issues of the speedy trial demand, if I can call out the essence of your argument, it's that the state has knowledge of this DNA purportedly. One of the reasons for the delay in the state could then deliberately manipulate the applicable speedy trial limitations period. Is that sort of what you're saying? That's certainly correct. They certainly could do that. And I think in the Levasco case, the Supreme Court case Levasco, there's a point in there the court made. It said, an investigative delay is fundamentally unlike a delay undertaken by the government solely to gain a tactical advantage over the accused. This cannot be viewed as an investigative delay. The state had everything they needed to proceed in this case. They had the DNA evidence. In fact, at one point, the state moved to admit other crimes evidence in this case. And the prosecutor argued, Your Honor, our position is that this is one single transaction. We have three car burglaries occurring in a relatively short period of time during the summer. Our position is that this is one transaction. And— Well, irrespective of the speedy trial term, as I read the cases, doesn't the defendant at some point have to show he was prejudiced by this delay? And our position is that he is prejudiced because it's the state—the state has a duty to bring the charges and to satisfy the speedy trial statute. The state is in control of the indictment. The defendant—the record is replete with examples of him trying to assert his right to a speedy trial and his due process rights. And when you look at this fact pattern and the way that these cases were staggered, you can understand how the defendant would say this is not fair. There's an issue of fundamental fairness here. What prejudice are you pointing to? The state—the state now crossed the— That would be one. Or a witness who can't be located or who dies or becomes unavailable, that kind of thing. Right. The prejudice here comes from the fact that the only thing the defendant says throughout the entirety of these proceedings is speedy trial. I'm entitled to a speedy trial. Yeah, but the attorneys continued the case. That's not disputed, that his counsel continued the case, requested a number of continuances, right? We do dispute that, Your Honor. I understand that there are minute orders in the record, and yet the minute orders have—I think they're vague. They're abbreviated entries. It can—it appears to look as though the cases were—continued on the defendant's motion. If you look, though, a little deeper at this, during this time, it's not his attorney. My client's position is that he never had compliance to any of those continuances. Were there transcripts of these hearings? We don't have—I did look to try and find transcripts of those hearings. They're not available. But, Your Honor, and I understand— Well, who does that work against? It works against the appellant. It's the appellant's duty to prepare the record. I do—my client maintains that the minute orders are vague and that there's other circumstantial evidence in this record, which indicates that he would never have acquiesced to any continuances during those dates. On November 14th, the state moved for continuance in the first case. He—and this was the first case—during the first case, the state sought continuances to retain and analyze his DNA. And the defendant objected to all of this. He objects on November 14th. He files a motion. It's got both case numbers in the caption. It's entitled a motion to dismiss statute of limitations. Now, granted, the motion is not real technical in nature, but it's easy to understand what he's getting at. And that motion is notarized on December 5th. And every—like we said, every time the defendant has an opportunity to speak, he says it's a speedy trial violation. I've been in custody since— Let me ask you a point of question. If we were to conclude that the state—that the state somehow subverted his right to a speedy trial, and that was—that's what they were doing. That's all that happened. Do you then win, or is there another component in the analysis there? The state does have an opportunity to explain the reasonableness of their delay. In its brief, the state rested on the fact that Mr. Daniels couldn't show prejudice and never really addressed the reasonableness of the delay. So, I mean, I do concede, under the rule, the state would have an opportunity to explain that. I can't see how they would be able to. There is—just as we pointed to in Levasseur, this was not an investigative delay. There was no further investigation going on here. They had all of the DNA evidence that they needed. At the trial, there was—the officer who collected the sample from the scene testified. The officer who collected Mr. Daniels'—his personal DNA sample testified. And then the forensic scientist testified. And interestingly, the officer who testifies that he collected the buccal swab from my client, it's never brought up, nor should it have been, that this was collected. I guess what I'm asking is if the evidence establishes that the state, according to your theory, manipulated the speedy trial term simply to keep it alive while they were doing some other things, is that enough to mandate a dismissal of the case in light of the people versus gay decision? Did you read that case? People versus gay has to do with another defendant that's incarcerated, and he's facing a multitude of battery charges. I mean, I believe it's between 10 and 15 charges. And he—it's a post-conviction petition, and he says, hey, I had a conversation with the prosecutor, and I said, you won't be able to file the speedy trial on this. And the prosecutor responds, hey, we can just stagger them. We can just stagger them. We've got three years to bring these charges, and we can stagger them in such a fashion that we never violate the speedy trial period. And the court did hold that the state could stagger these indictments in that fashion. What doesn't happen in gay and what makes—distinguishes this case is there's no now-across indictment. I mean, under this theory, you could envision a scenario where the state could continually now-across a charge. Yes, but isn't there an overarching value in the law? Remember, this has been a continuing issue in the history of criminal prosecutions over the years. Yes, the state could do that. But isn't there a body of law that says, okay, at some point—try to remember the terms—if it becomes vexatious, there is a limitation. The state can't do that indefinitely. There is a body of law that says there's a limitation to the state's ability to keep charging and now-across it. Isn't there? I'm not knowing the body of law offhand that you're speaking to. I mean, I would agree that common sense would dictate that the state can't just keep a defendant incarcerated in perpetuity. And they didn't do that. Did they keep filing charges and now-acrossing them in this scenario? No, there was one. But then when they used the DNA sample that they obtained in the first case, it's apparent that they can't satisfy the speedy trial term in the first case. They get his DNA sample. They're trying to analyze it. They're trying to test it. They say, well, you know, we can't satisfy this first speedy trial term. It's the only really thing that the defendant's been talking about. So we'll just now-cross it. But we didn't bring the indictment in this case until January 23rd. I believe you conceived it. Since there was another charge pending, that's when the meter begins to run, when they file new charges. Under Cheney and Martinez, that is the rule. Well, what else would we be going on if we don't follow Cheney and Martinez?  I don't know. If we were to blindly apply the rules as they are, statutory and from the case law, then the state could, in effect, keep the defendant incarcerated. The argument certainly has some intuitive appeal, I would concede. But what about-what do you make of this phrase out of the gay decision? Even allowing, quote, the possibility that the pre-indictment delay enabled the state to subvert the defendant's right to a speedy trial, the supposed advantage the defendant claims the state enjoyed by reason of its delay in bringing the charges cannot be the kind of tactical edge which gives rise to a due process violation. So what they seem to be saying is that even if they did it to keep the term alive, there has to be some other actual and substantial prejudice aside from the fact they merely kept the term alive. So where is it here? The prejudice, Your Honor, we maintain that this is a fundamental fairness argument. Mr. Daniels was not brought to trial for 211 days. Literally, the only defense he had was a speedy trial demand. This was all about DNA. That's the only thing that was at issue in this case. That's the sole evidence that was presented. And he said, all right, well, you say you've got my DNA. I'm going to challenge you to get that collected and analyzed within the speedy trial term. And the state gets continuance to do that. But the continuance, as you indicated, you're saying the record is unclear, but I think it indicates that the defense also went along with requests for continuances. And that would be attributable to the defendant, wouldn't it? And if your honors were to look at the minute orders and find, well, there's nothing in the record to overcome the minute orders, that's all we have. That's certainly within your province. And if that is what is going to take the day, then we don't have a report of proceedings. I don't want to cut your time because you have, in my opinion, a very significant issue on the second part. Do you want to get into the thing about the fees? Okay. Regarding the second issue, the issue is whether the cost should be remanded to the circuit court for a hearing on Mr. Daniels' ability to pay his public defender fee. Now, the parties agree that the fee should be vacated. However, the state maintains that the cost should be remanded for a hearing to determine Mr. Daniels' ability to pay. And that's tied into the Supreme Court Summers where they said, okay, if you have an insufficient hearing but somehow you at least sort of in a roundabout way address the issue, it gets a remand. If there is no hearing at all, if everybody were to agree there was no hearing, then the state wouldn't get a remand, would they? Under Summers, that is certainly the way that I understand that case. In Summers, there was a hearing with him. Tell us succinctly why this is not a hearing at all under Summers. Well, the state is relying on language at the top of a document titled Exhibit A, which is where the fines, fees, and costs were imposed in this case. There's language at the top of that exhibit that states, having determined all issues in this cause, including the defendant's ability to pay, this court has assessed and ordered payment of the following fines, fees, and costs. Now, this signature – Is there a transcript in this case? There is a transcript. The transcript – the court doesn't say anything at all about the financial – That's from the sentencing date. There's nothing in that hearing, in that transcript, to show that there's a hearing. And, Your Honor, in closing, it is noteworthy that this is a Lake County case. The Lake County clerk of the court was in Monash and People v. Gutierrez. I know that the clerk of the court didn't necessarily impose these fines, but if we're going to allow this language at the top of an exhibit to stand, you know, to stand for a hearing, I don't think we can allow the court to circumvent the hearing requirement. And I do believe it's noteworthy that this is a Lake County case. And, in conclusion, Your Honor, Mr. Daniels requests that this court vacate his conviction or, in the alternative, vacate his $750 public defender fee outright. Thank you. Thank you. You have an opportunity to make rebuttal, Mr. Jacobs. Good morning. I'm Barry Jacobs. On behalf of the people of the state of Illinois, as definitely in this case, may it please the court and counsel, in this case, under the analysis set forth in Lawson, the defendant simply hasn't established actual and substantial prejudice, which is the first prompt. As I argued in my brief, the state does not need to assert the reasonableness of any pre-indictment delay. In this case... But when did the meter begin to run? Can we put that to rest? The meter began to run on January 23rd, 2013, when the indictment was returned. And he was in custody on another charge. He was in custody on another charge. He'd been there, I believe, since August. So approximately 79 days at that point. But it's the state's position that he was charged, I believe, on November 5th, was brought to... Was arraigned on those charges on November 6th. And there were delays that were occasioned by Archibald Wilson, the defendant, between November 6th and January 2nd. So even assuming that he was in custody at that point on 12 CF 3315, those delays still hold any speedy trial. There wasn't a speedy trial in this case. Well, that was my initial question to counsel over here. And he says, well, the minute order, it's unclear as to who occasioned these delays. What's your response to that? The minute order is the record in this case. And it evidences that the defendant moved for these continuances or at least agreed to them. That's basically what the minute order says? Right. That it is the continuance to the defendant. And there's no transcripts, no contemporaneous transcripts? Not to my knowledge. We can stand all day or sit, I guess, and suppose that this defendant intended otherwise and wouldn't have agreed to a continuance. But that's not what the record reflects. Aren't your position is even if he had this demand, which he never filed a written demand, did he? He never filed a written demand in the case. I mean, I guess it goes both ways. You can't argue that he intended to do so. But if he intended, he clearly was able to do it in the first case. In the first charge, he was able to do it in that case. He didn't do it in this case. There was a discourse between his public defender, Randy Bruno, and the court. That was until February 11, 2013, about whether or not a speed trial demand had been filed in this case. And it was clear, citing the appellant's reply brief, it's clear that no demand at that point had even been filed. Well, what if we were to conclude, buying this argument, we believe that the State manipulated this speed trial provision just to keep it alive while they were doing their discovery behind the scenes. Would that, in and of itself, be enough to establish a due process filing? Based on the Lovasco case and the Gay case, no, it would not. Lovasco, in fact, approved explicitly of staggering indictments and found that not to offend concepts of fundamental fairness. Gay, of course, reiterates that. Gay's a very similar case, although post-conviction proceeding. In that case, the defendant made the exact same claim, that pre-indictment delay had manipulated the speeding trial rights. The court, I think you quoted the language actually from that opinion, said, even if that's true, this is not the kind of tactical delay that rises to the level of a due process violation. So it's the State's position that even if there was delay to keep the speeding trial alive, it didn't amount to a due process violation. Was the defendant's argument at this point forfeited? It wasn't raised. However, you know, State acknowledges that under plain error analysis, this is... You can get a round of forfeiture, right? So you're not hanging your head necessarily on forfeiture, right? No. Lastly, I guess, the... What about the motion to dismiss based upon the statute of limitation violation? Would that here be something extraordinary if it was really what it said it was, as opposed to what appellate counsel says that it was a motion relative to speedy trial and not statute of limitations? I am perhaps confused. You're referring to his reference to the motion to dismiss. I thought it was based upon a speedy trial violation. Even if it was for statute of limitations, the cases for this case, 3315, was brought within the three years, the three-year time frame for statute of limitation purposes. I would point out that the gate opinion also talks about... For the record, I haven't heard anybody say that there was a bystander's report submitted in this case. Not to my knowledge. The gate opinion talks about allowing the defendant to prevail on this type of argument and talks about the absurd result it would create, allowing the defendant who's charged with multiple crimes in short succession to stand on his speedy trial rights as a violation of due process. And the court in the gate found that to be contrary to the point of the speedy trial. So you're saying that irrespective of whether or not the court could find that the state somehow manipulated the speedy trial provision to keep the case alive while they're doing their discovery and other background information gathering, the defendant would still have to show actual and substantial prejudice. In this case, he didn't do it. Is that the essence of it? Correct. He shows no prejudice because he acquiesced to the delays in this case between the time he was charged by information on November 5th and was actually indicted on January 23rd. Three continuances were attributed to the defendant, so the speedy trial term is over. By the minute order. By the minute order. The only evidence in this case. On February 11th, he again objected, saying his due process rights were violated. That was the same day that the state had just, after him being in custody for. These are felony prosecutions, are they not? They are. Why are there no transcripts of what's going on? There's no court report present? I couldn't answer. I don't know. Okay. Does the fact that the DNA sample that was taken was inadvertently destroyed at some point during this period of time, is that prejudice? It appears the court did rule upon this, and the state argued at that point that the inability to produce the defendant's known sample went to the weight of evidence the court agreed. At some point subsequent to that, based on my reading, the sample was destroyed, and the Waukegan police had to come back in during the prosecution of count one, which was a separate burglary, and ask for a new sample at that point, but that was subsequent to the finding of guilty in this case. What about the hearing? Do you think there's enough here to remand this case? I'm sorry? Is there enough, you know, of a discussion about fees? On issue two? Yes. The evidence in the record is scant. However, it is included in the common law record that, and I believe counsel quoted the language, that the court did in fact consider the defendant's ability to pay. I argued in my original brief that the- Because of the minute order. There's no transcripts referencing the court calling anyone's attention to the fact that he intends to impose a public defender fee? There's nothing happening in open court, right? From my understanding, this was at the sentencing hearing. It's not mentioned at the sentencing hearing, although the transcript is also deficient from his initial arraignment, as I said, on November 6th, where he may have submitted an affidavit of assets and liabilities that the court could have considered in determining his ability to pay. Okay. So how is there a hearing? You have to elevate the fact that there's some order entered at some point to be tantamount to a hearing. What if the clerk did this later and handed the order to the judge after everybody left the courtroom? Is that a hearing as contemplated by the statute? That is obviously up for the court to decide. It's the state's position that just based on the order from the court, there is evidence that a hearing was held. Okay. Is there any- Well, yeah, I- What was the evidence, in your opinion, in the case of a hearing rather than a proceeding was held? The only evidence, as I said, is Exhibit A, which indicates that the court had considered the ability to pay. And under the Summers case, as I believe- Was there a box that could be checked to indicate that the trial court was actually making that finding? I don't recall the exact composition of the order, if my memory serves. In other words, what I'm getting at is there are forms that have different findings or declarations or decrees, and depending on whether a box is checked would indicate whether or not the trial judge was suggesting that this paragraph or this sentence- I don't recall specifically, and it's my inclination to say no, this was just a written statement that the court had made. Well, let's assume that there was a box and it wasn't checked, as opposed to no box. What would that infer? That it was not checked, that he had made a determination? Well, no, I didn't say that he made the determination. I'm saying if this was a form and there were boxes to be marked, and there was a box next to this phraseology or this clause or paragraph, and the box wasn't checked, what would that mean to you or what would your position be? It would seem to be reasonable to conclude that no hearing was held, that there was no evidence of hearing. Well, we're going to be parsing back and forth about the meaning of the term hearing. Yes. Setting aside the checking of boxes, is it a hearing if the judge forgets about addressing the issue of fees at all, goes back into chambers, I want to get your opinion on this, and all of a sudden realizes he's signing a sentencing order? Ah, I forgot to deal with the issue of the public defender fees. I'm going to write out an order. There was a proceeding in open court, but the judge did it sui sponte in chambers without anybody even knowing he was doing it. Does that qualify as a hearing? In that case, no. In this case, though, we do not know. All we have is the Exhibit A as evidence. It does indicate that the court made these considerations of his ability to pay. Now, let me ask you this, then. Under the law, then, maybe we're carving out a new rule. Whose burden is it to show that there was a hearing? Or does the defendant have to show there was not a hearing? That's an interesting question. It is, isn't it? I would venture a guess that it would be, given the language of the statute, it would be the state's burden to show that there was, in fact, a hearing. In this case, as I said, the only evidence is four significant items. No further questions. It's the state's position that this court should Do you have any other comments? I have no other comments. Should affirm the defendant's convictions and remand the case for a proper hearing on the public defender fee. Thank you. Thank you. Mr. Harris? Your Honor, just to build up what we were just talking about. You haven't built it up enough already to have satisfaction? Well, as far as your comments about whose burden is it to show that there was a hearing, I know that it's up to either the state or the court to bring the hearing. There is a burden to bring the hearing. The court can do a sua sponte or the state can initiate that. And we know from the record the state never asserted that there should be any hearing. If we're going to take this language at the top of this schedule to stand for the notion that a hearing was conducted, we're going to see this language in every single case. We're going to be encouraging the counties to say, okay, well, here's a way that we can get around this pay. We don't want these fines and fees coming back. Somebody checks the box later. We don't know if it's the clerk or the judge. Let's just put it in here. To be certain, the whole purpose of the statute is that there's a hearing. That's the whole thing that the statute is driven at. And the defendant also has to have notice of the hearing. So even if we can say that there was a hearing, I would counter that my defendant was never given any notice that this hearing was going to take place. Now, the language here says having contemplated the issues. Well, the circuit court judge can go to chambers and he can contemplate issues as much as he wants. A week later he could contemplate the issues, right, with nobody present. So there's nothing in the statute about contemplating the issues. So to take that leap and say that, okay, he says this stock language that the judge contemplated all of the issues, including the defendant's ability to pay, that's going to satisfy the statute, I argue that that's contrary to the statute's intent. And we will, I would speculate, see this coming down in every instance where there are fines and fees. I do think that's contrary to public policy. Is it your position that the burden to establish that there was a hearing is upon the state, but because you are the appellant, is it your burden to provide a sufficient record to present to this court to establish what the underlying facts were that would indicate whether there was or there wasn't a hearing held? To the extent that I do agree with you on the first count that the state does have the burden, and I think where the case law says that it's up to the state or the judge to bring this hearing, if the judge hasn't done it, I do believe the state has the burden to initiate the hearing. To the extent that it's the appellant's duty to make sure that we have a complete and accurate record, I don't know what else we could have done here. We have the transcripts from the relevant hearing dates. I mean, if we're supposed to go into the record and find a missing transcript of this hearing, I mean, I don't know that I can agree that we would have a burden to do that. Well, hang on a second. He's saying the state's position is they're waiving this piece of paper that says the judge entered some writing that said that there was a hearing. So you then come up as the appellant on appeal. He's waiving the piece of paper around. You wouldn't have the burden of showing that that's not accurate, that this wasn't done in court? Well, I mean, to be fact-specific to this case, the date of the entry is the date of the sentencing order. We have the record from that day in court. I don't see any reason to think that there's another record from that same day. No, but what I'm saying is, yes, there was a sentencing hearing. Nobody disputes that. But the matter and issue is that language there that purports to be a reference to the court imposing the fees, and they're saying that qualifies in the hearing. You're saying how do we know that the judge even addressed it at all? But whose burden would it be? Well, under this scenario, the burden, if we were to hold today that in this scenario the burden would be on the appellant, then we would have to look, identify this language at the top of the fines, fees, and schedules, infer that there was a hearing, and then go out and find the hearing, even though, you know, it's from the same day when we already have a transcript. We weren't aware that the state was making this argument until the reply brief, until they filed their brief. Don't you normally look at the record to determine whether or not there is a transcript from a sentencing hearing? I did. We had the transcript. I read the transcript. I saw the language in Schedule A. Was this transcript certified by the court reporter to be all that there was? I can't say definitively that the court reporter certified that that transcript was all that there was. I can say that we checked the record for completeness. We read the transcript of those proceedings. We saw the language stated on Schedule A, and we raised the argument that there was never a proper hearing. And I don't think that there's anything that could be contrary to our position on that. I see what you're saying. You have a transcript of the sentencing proceedings. The order was entered, presumably contemporaneous or after the sentencing hearing, and the court says nothing about public defender fees being imposed or being sought or anything. This order just shows up. Right. Okay. So if you have a conflict between a transcript and a written order, what controls? If we're going to hold that this is – if this written order had stated that there actually was a hearing, if this written order were not so vague, if this written order stated I, Judge So-and-So, had a hearing, there was notice of the hearing, and I contemplated everything the statute tells me to, then I certainly agree that we would have a burden to go out and find out if there's a missing transcript. But the other key element that we're overlooking here is the notice. There's certainly nothing in the transcripts that indicates that there was a notice. I think that if we did have a notice in the transcript, then that would certainly be indicative that perhaps a hearing was held. But I don't understand how the facts on this record can support the position that the appellant had a duty to go and find out if there was indeed another transcript from that same day in which the hearing – It seems like you're arguing that if there was a hearing and there was no notice given, then that is the equivalence of there is no hearing as well. And that doesn't seem to be what the Supreme Court is suggesting. I don't know if the Supreme Court in Summers contemplated the notice factor. So if there was a hearing – and Summers says that if there was a hearing, in that case they just asked a few questions about the defendant's ability to pay. They said, well, the issue here is really how thorough the hearing was. So in this instance you get a chance to remand it. Well, that's the whole issue. We're not getting into – I don't know that your argument there is going to carry today because clearly Summers says the hearing can be totally deficient. It could be defective. As long as it was somehow addressed by the court, it merits a remand. So I think even if there was no notice, setting aside the notice, if the court here, even conceding no notice, did what they did in Summers, you'd be looking at the remand. I don't think you can engraft and elevate or conflate the notice into whether or not there was a hearing. It's a separate issue. I agree with you that if the court did hear what the court did in Summers, I mean, that's – However they got there. The Supreme Court says we need to remand the hearing. I don't think that's at present here from the language on Schedule 8. Unless your Honor is having further questions in conclusion, Mr. Daniels would respectfully request that this court vacate his conviction or alternatively vacate his public defender fee outright. Thank you. Thank you. We have another case on the call. It will be a short recess.